UNITED STATES COURT OF APPEALS

**Filed 9/19/96**

FOR THE TENTH CIRCUIT

TERRY W. BATES,

      Plaintiff-Appellant,

v.

MARVIN T. RUNYON, Postmaster
General,

      Defendant-Appellee.

No. 95-5183
(D.C. No. 94-C-902-B)
(N.D. Okla.)

ORDER AND JUDGMENT[*]

Before BRISCOE and MURPHY, Circuit Judges, and VAN BEBBER,[**] District
Judge.

After examining the briefs and appellate record, this panel has determined

unanimously to grant the parties' request for a decision on the briefs without  oral

argument. See Fed. R. App. P. 34(f); 10th Cir. R. 34.1.9.  The case is therefore

ordered submitted without oral argument.

---

[*]    This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel.  The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[**]    Honorable G. Thomas Van Bebber, Chief Judge, United States District
Court for the District of Kansas, sitting by designation.

Plaintiff Terry Bates filed this suit against the United States Postal Service (USPS), alleging discrimination based on disability under the Rehabilitation Act, 29 U.S.C. § 791, and violation of the "preference eligible" provision of the Veterans' Preference Act, 5 U.S.C. § 3310. The district court granted summary judgment to the USPS on the discrimination claim, and dismissed Mr. Bates' Veterans' Preference Act claims under Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief could be granted. Mr. Bates does not challenge the grant of summary judgment on the discrimination claim, and therefore, the only issue before this court on appeal is the district court's Rule 12(b)(6) dismissal of Mr. Bates' Veterans' Preference Act claim.

The "preference eligible" provision of the Veterans' Preference Act, 5 U.S.C. § 3310, states that "[i]n examinations for positions of guards, elevator operators, messengers, and custodians in the competitive service, competition is restricted to preference eligibles as long as preference eligibles are available." Mr. Bates, a rural carrier associate with the USPS, applied for the position of custodian. He was not selected, and the position was filled by a current, nonveteran employee. As a veteran and a preference eligible, Mr. Bates alleged that reassigning current, nonveteran employees to three custodian positions that were vacant at the time he applied for the position was in violation of § 3310. The USPS sought dismissal on the grounds that § 3310 applies only to

"competition in examination" for the positions, and does not restrict the employer from reassigning current employees, who are not preference eligibles, to the positions.

The district court agreed, citing 5 C.F.R. § 330.403 which provides for appointment of nonpreference eligible persons to restricted positions in particular types of cases as determined by the Office of Personnel Management and published in the Federal Personnel Manual. As represented by the USPS in its motion to dismiss, the Federal Personnel Manual, paragraph 4-3 states in relevant part:

> The restriction in 5 U.S.C. 3310 applies only to competition in examinations for entrance into the service, that is, to competitive examinations. . . .
>
> An agency may fill a restricted position with a nonveteran in one of the following ways without reference to the availability of preference eligibles.
>
> > (1) By position change (demotion, promotion, or reassignment) to a position in the organizational entity in which the nonveteran is employed or to a position anywhere which is covered by the same generic title as the one in which he is serving.

See Appellant's App. at 15-16 (footnotes omitted).

The district court found that the regulation clearly established that § 3310 applied only to competition in examination, and that the USPS could fill the custodian positions by reassignment of nonpreference eligible persons. The court

-3-

concluded that Mr. Bates had failed to state a claim under the Veterans' Preference Act upon which relief could be granted and dismissed his claim with prejudice.

"We review the dismissal of a complaint for failure to state a claim de novo." Riddle v. Mondragon, 83 F.3d 1197, 1201 (10th Cir. 1996). A complaint should not be dismissed for failure to state a claim unless it is clear that the plaintiff could prove no set of facts which would support his claim. Id. "'A court reviewing the sufficiency of a complaint presumes all of plaintiff's factual allegations are true and construes them in the light most favorable to the plaintiff.'" Id. at 1202 (quoting Hall v. Bellmon, 935 F.2d 1106, 1109 (10th Cir. 1991)).

On appeal, Mr. Bates contends that § 3310 was intended to restrict all appointments to the positions of guards, elevator operators, messengers, and custodians exclusively to preference eligibles as long as preference eligibles are available. He argues that the legislative history of the Veterans' Preference Act supports his contention, and that, insofar as the "federal regulations provide otherwise, they are a nullity." Appellant's Br. at 7.

The USPS argues that § 3310 applies only to competition in examinations, and does not restrict the named positions to preference eligibles exclusively. In support, it asserts that this interpretation is borne out by the USPS Handbook

EL-311, April 1990, section 262.1, Filling Reserved Positions, which states that the restrictions to preference eligibles under the Veterans' Preference Act applies "only to competition in examinations for entrance into the Postal Service." Appellees' Br. at 5.

The Veterans' Preference Act was enacted in 1944 in order to give wartime and disabled veterans preferential consideration for certain jobs and for retention in the event of a reduction in force. See generally Mitchell v. Cohen, 333 U.S. 411, 418-21 (1948). Our interpretation of a statute begins with the plain meaning of the words. See United States v. McCullah, 76 F.3d 1087, 1108 (10th Cir. 1996). "[I]f the words of the statute are unambiguous, our inquiry ends." Id. Here, Mr. Bates attempts to read more into the statute than its plain meaning imparts.

Contrary to Mr. Bates' assertion, the legislative history of the Veterans' Preference Act does not reveal a congressional intent which is different from the statute's plain meaning. Moreover, judicial interpretation clearly establishes that veterans' preference does not apply to an employee's transfer or other intra-agency movement. See Glenn v. United States Postal Serv., 939 F.2d 1516, 1521-22 (11th Cir. 1991)(holding that veterans' preference does not apply to transfers); Qualls v. United States, 678 F.2d 190, 196-97 (Ct. Cl. 1982)(holding that veterans' preference is only applicable "in connection with an initial appointment

to the federal service or in connection with a reduction-in-force"); <u>Stephens v. Coleman</u>, 712 F. Supp. 1571, 1581-82 (N.D. Ga. 1989)(holding veterans' preference does not apply to internal agency promotions), <u>aff'd</u>, 901 F.2d 1571 (11th Cir. 1990).

Because Mr. Bates was a current USPS employee who was denied preference for an internal agency reassignment, nothing in the statute gives him a federal cause of action. Therefore, the court was correct to dismiss his action as failing to state a redressable claim, and the judgment of the United States District Court for the Northern District of Oklahoma is AFFIRMED.

Entered for the Court

G. Thomas Van Bebber
District Judge

-6-