Peter W. HUNT, Plaintiff,

v.

UNITED STATES GOVERNMENT, Office of Personnel Management, Department of Defense, Department of the Army, Defendants.

No. 00–CV–70924–DT.

United States District Court,
E.D. Michigan,
Southern Division.

May 31, 2001.

Peter W. Hunt, Pro Per, for plaintiff.

Sheila H. Gaskell, A.U.S.A., Detroit, MI, for defendant.

## OPINION

DUGGAN, District Judge.

This action involves veterans' preferences under the Veterans Employment Opportunity Act of 1998 ("VEOA"). Plaintiff Peter W. Hunt, a civilian employee of the Army proceeding *pro se* before this Court, alleges that the Army violated his veterans' preference rights in passing him over for various positions for which he applied and failing to timely provide him

with the training necessary to compete for promotions. This matter is currently before the Court on Defendant's motion for summary judgment. For the reasons stated below, Defendant's motion shall be granted.

### Discussion

Plaintiff has worked for the Army in Warren, Michigan since 1980. In early 1999, Plaintiff applied for a position as a Contract Specialist, GS–1102–13. On April 1, 1999, Plaintiff was notified that two other individuals had been selected to fill the position. (Def.'s Br. Supp. Mot. Summ. J., Ex. 2).

Around the same time, Plaintiff applied for a position as a Procurement Analyst, GS–1102–13. On April 9, 1999, Plaintiff was notified that another individual was selected for the position. (*Id.*).

On May 14, 1999, Plaintiff filed a complaint with the Department of Labor pursuant to 5 U.S.C. § 3330a, asserting, among other things, that he was denied the opportunity to apply for positions that other non-employee veterans with comparable qualifications were allowed to apply for, that job postings did not meet VEOA posting requirements, that the method used by the Army to generate a list of qualified candidates did not accord candidates appropriate veterans' preferences, and that he was denied both formal and on-the-job training necessary to compete for promotions. (*Id.*).

During this same time frame, Plaintiff again applied for the positions of contract specialist and procurement analyst. On June 9, 1999, Plaintiff was notified that he was not selected for either of the positions. (*Id.*). On June 30, 1999, Plaintiff filed another complaint with the Department of Labor alleging that the Army was not allowing him to exercise his rights regarding veterans' preferences. (*Id.*).

On July 12, 1999, the Department of Labor notified Plaintiff that it was closing his case because it did not fall under the veterans' preference statutes. (*Id.*). By letters dated July 21, 1999 and September 19, 1999, Plaintiff appealed to the Merit Systems Protection Board. (*Id.*).

According to Plaintiff, he filed at least three other complaints with the Department of Labor regarding his veterans' preference rights. (*See* 1st Amend. Compl, 2d Supp. Compl.). The Department of Labor dismissed each of these complaints, and Plaintiff appealed to the Merit Systems Protection Board.

Pursuant to 5 U.S.C. § 3330b, Plaintiff chose to terminate each of his appeals before the Merit Systems Protection Board and pursue judicial action. On February 22, 2000, Plaintiff filed a six-count complaint in this Court asserting various violations of the VEOA. As relief, Plaintiff seeks an order requiring Defendant to (1) nullify all position selections for which he was denied his veterans' preference rights, (2) insure the immediate and ongoing application of veterans' preference rights, (3) amend the relevant regulations to provide that veterans' preferences are applicable to all selections regardless of the method by which a position is filled, (4) suspend all selection actions until a disinterested third party appointed by this Court has evaluated the revisions sought by Plaintiff, (5) identify and notify all individuals who may have been denied a veterans' preference in past selections, (6) identify all positions for which Plaintiff should have been considered but was not due to Defendant's improper actions, (7) grant Plaintiff "all backpay and allowances together with benefits including but not limited to retirement computations that should have accrued to Plaintiff," and (8) reimburse Plaintiff for all costs associated with this action, includ-

ing his costs before the Department of Labor. (Compl. at 7–8).

By leave of Court, Plaintiff filed a "First Amendment to Complaint" on August 18, 2000, raising two additional claims, and a "Second Supplement to Complaint" on November 7, 2000, alleging another additional claim.[1] On June 23, 2000, this Court issued an Opinion and Order dismissing Defendants United States Government, Office of Personnel Management and the Department of Defense. Accordingly, the Department of the Army is the only remaining Defendant. On March 15, 2001, Defendant Department of Army filed a motion for summary judgment. Plaintiff filed a response to Defendant's motion on April 6, 2001.

### Discussion

Summary judgment is proper only if there is no genuine issue as to any material fact, thereby entitling the moving party to judgment as a matter of law. *Hunter v. Caliber Sys., Inc.*, 220 F.3d 702, 709 (6th Cir.2000); *see also* FED. R. CIV. P. 56(c). There is no genuine issue of material fact for trial unless, by viewing the evidence in a light most favorable to the nonmoving party, a reasonable jury could "return a verdict for that party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). On a motion for summary judgment, the moving party bears the initial responsibility of informing the Court of the basis for its motion and identifying those portions of the record that establish the absence of a material issue of fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

Once the moving party has met its burden, the nonmoving party must go beyond the pleadings and come forward with specific facts to show that there is a genuine issue for trial. FED. R. CIV. P. 56(e); *Celotex*, 477 U.S. at 322–24, 106 S.Ct. at 2552–53. The nonmoving party must do more than show that there is some metaphysical doubt as to the material facts. *Pierce v. Commonwealth Life Ins. Co.*, 40 F.3d 796, 800 (6th Cir.1994). The nonmoving party must present significant probative evidence in support of its opposition to the motion for summary judgment. *Moore v. Philip Morris Co., Inc.*, 8 F.3d 335, 339–40 (6th Cir.1993). If, after adequate time for discovery, the party bearing the burden of proof fails to make a showing sufficient to establish an essential element of his claim, summary judgment is appropriate. *Celotex*, 477 U.S. at 322–24, 106 S.Ct. at 2552–53.

Defendant contends that it is entitled to summary judgment because this Court lacks jurisdiction over a majority of Plaintiff's claims, and because the statutory provisions relied upon by Plaintiff do not apply to the facts of this case. For purposes of this motion only, Defendant does not dispute that Plaintiff is eligible for a veterans' preference under the VEOA by virtue of his military service during the Vietnam War. The Court shall address each of Defendant's arguments separately.

### 1. Jurisdiction

■ 5 U.S.C. § 3330b(a), upon which Plaintiff relies for jurisdiction in this case, provides that in lieu of continuing the administrative redress procedure provided

---

1. Plaintiff's "Second Supplement to Complaint" was mistakenly filed by the Court before the Court's Order granting leave to file such was issued on November 15, 2000. Defendant, however, did not oppose Plaintiff's motion for leave to file the Second Supplement to Complaint and has addressed each of the claims raised in Plaintiff's supplemental pleadings in their motion for summary judgment. Because the Court is satisfied that Defendant is entitled to summary judgment on such claims, it finds the Court's premature filing of Plaintiff's Second Supplement to Complaint to be of no harm in this case.

under 5 U.S.C. § 3330a, a preference eligible veteran may elect to terminate the administrative proceedings and seek judicial relief. 5 U.S.C. § 3330a provides administrative redress for "[a] preference eligible who alleges that an agency has violated such individual's rights *under any statute or regulation relating to veterans' preferences.*" 5 U.S.C. § 3330a(a)(1). According to Defendant, 5 U.S.C. § 3304(f), upon which a number of Plaintiff's claims are based, is not a "statute or regulation relating to veterans' preferences" as required by §§ 3330a and 3330b and therefore, this Court is without jurisdiction to hear such claims.

In relevant part, 5 U.S.C. § 3304, concerning competitive service examinations, states:

(f)(1) Preference eligibles or veterans who have been separated from the armed forces under honorable conditions after 3 years or more of active service may not be denied the opportunity to compete for vacant positions for which the agency making the announcement will accept applications from individuals outside its own workforce under merit promotion procedures.

(2) If selected, a preference eligible or veteran described in paragraph (1) shall receive a career or career-conditional appointment, as appropriate.

(3) This subsection shall not be construed to confer an entitlement to veterans' preference that is not otherwise required by law.

(4) The area of consideration for all merit promotion announcements which include consideration of individuals of the Federal workforce shall indicate that preference eligibles and veterans who have been separated from the armed forces under honorable conditions after 3 years or more of active service are eligible to apply. The announcements shall be publicized in accordance with section 3327.

(5) The Office of Personnel Management shall prescribe regulations necessary for the administration of this subsection. The regulations shall ensure that an individual who has completed an initial tour of active duty is not excluded from the application of this subsection because of having been released from such tour of duty shortly before completing 3 years of active service, having been honorably released from such duty.

5 U.S.C. § 3304(f). Section 3304(f) is not a "statute or regulation relating to veterans' preferences." Such provision does not provide, or assign, individuals with veterans' preference points; rather, such provision simply provides that a federal agency may not deny a preference eligible veteran the opportunity to compete for a vacant position if the agency is accepting applications from outside its workforce with respect to such position.

Notably, earlier versions of § 3330a(a)(1) specifically referenced § 3304(f), stating:

Any preference eligible *or other individual described in section 3304(f)(1)* who alleges that an agency has violated such individual's rights under any statute or regulation relating to veterans' preference, *or any right afforded such individual by section 3304(f),* may file a complaint with the Secretary of Labor.

S. REP. No. 105–340 (Sept. 21, 1998), 1998 WL 658809 (emphasis added). The enacted version of § 3330a, however, does not include such references.

The VEOA also amended 5 U.S.C. § 2302 to make it a "prohibited personnel practice" for any agency to knowingly "take, recommend, or approve any personnel action if the taking of such action would violate a *veterans' preference requirement.*" 5 U.S.C. § 2302(b)(11)(A)

(emphasis added). Similarly, the VEOA made it a "prohibited personnel practice" to fail to take such action if such failure would "violate a *veteran's preference requirement.*" 5 U.S.C. § 2302(b)(11)(B) (emphasis added). The VEOA further defines the term "veteran's preference requirement" as:

A) Sections 2108, 3305(b), 3309, 3310, 3311, 3312, 3313, 3314, 3315, 3316, 3317(b), 3318, 3320, 3351, 3352, 3363, 3501, 3502(b), 3504, and 4303(e) and (with respect to a preference eligible referred to in section 7511(a)(1)(B)) subchapter II of chapter 75 [5 U.S.C.A. § 7511 et seq.] and section 7701.

(B) Sections 943(c)(2) and 1784(c) of title 10.

(C) Section 1308(b) of the Alaska National Interest Lands Conservation Act [16 U.S.C.A. § 1308(b) ].

(D) Section 301(c) of the Foreign Service Act of 1980 [22 U.S.C.A. § 3941(c) ].

(E) Sections 106(f), 7281(e), and 7802(5) of title 38.

(F) Section 1005(a) of title 39.

(G) Any other provision of law that the Director of the Office of Personnel Management designates in regulations as being a veterans preference requirement for the purposes of this subsection.

(H) Any regulation prescribed under subsection (b) or (c) of section 1302 and any other regulation that implements a provision of law referred to in any of the preceding subparagraphs.

5 U.S.C. § 2302(e)(1). Section 3304(f) does not appear in the VEOA's list of "veteran's preference requirements."

In *Ramsey v. Office of Personnel Management*, 87 M.S.P.R. 98, 102–03 (2000),[2] the Merit Systems Protection Board found that, because of its absence in § 2302(e)(1), § 3304 did not constitute a veteran's pref-

erence requirement. Furthermore, as indicated by the Board in *Ramsey*, § 3304(f)(3) specifically provides that § 3304(f) "shall not be construed to confer an entitlement to veterans' preference that is not otherwise required by law." *Id.* at 103.

Because § 3304(f) is not a "statute or regulation relating to veterans' preferences," and therefore, this Court does not have jurisdiction over such claims under § 3330b, Defendant's motion for summary judgment shall be granted with respect to all of Plaintiff's claims under § 3304(f).

*2. 5 U.S.C. § 3304 Claims*

 Even if the Court did have jurisdiction over Plaintiff's § 3304(f) claims, such claims would nonetheless fail as § 3304(f) does not apply to Plaintiff. Plaintiff asserts that Defendant has violated his rights under 5 U.S.C. § 3304(f) by (1) denying him an opportunity to apply for positions for which Defendant is accepting applications from outside its work force (Issue One);[3] (2) failing to publish announcements of positions meeting VEOA requirements (Issue Two); (3) requiring that certain positions be filled by existing employees, thereby precluding applications from non-employed veterans (Issue Four); (5) denying Plaintiff's request to be placed in the Defendant's automated referral system, referred to as Easy ACCES (Issue Seven); and (6) denying Plaintiff's application for a position because of time-in-grade and grade promotion restrictions (Issue Eight).

Section 3304(f), however, only applies to preference eligible veterans who are not employed by the federal government and would otherwise have no guaranteed right to compete for such positions. Section

---

**2.** *See* Def.'s Br. Supp. Mot. Summ. J., Ex. 1.

**3.** Plaintiff has designated each of his claims as an "Issue" instead of a "Count."

3304(f) does not apply to promotions or transfers within the competitive service. Rather, individuals already employed by the federal government, such as Plaintiff, are already eligible to compete for merit promotions and transfers by nature of their employment status. This interpretation of § 3304(f) is consistent with both the Veterans' Preference Act, and the legislative history of the VEOA itself.

The Veteran's Preference Act, the VEOA's precursor, was enacted in 1944 to give wartime and disabled veterans preferential consideration for certain jobs and for retention in the event of a reduction in force. *See Mitchell v. Cohen*, 333 U.S. 411, 418–21, 68 S.Ct. 518, 522–23, 92 L.Ed. 774 (1948). Judicial interpretation of the Veteran's Preference Act has established that veterans' preferences do not apply to an employee's transfer or other intra-agency movement, such as promotions; rather, the preferences provided for under the Veteran's Preference Act apply only to a veteran's initial appointment. *See Qualls v. United States*, 230 Ct.Cl. 534, 678 F.2d 190, 196–97 (1982) (denying plaintiff's veterans' preference claim because plaintiff's status as a 5–point veteran did not entitle him to any preference over non-veteran employee in competition for promotion as "[a] veteran is entitled to preference over non-veterans only in connection with an initial appointment to the federal service or in connection with a reduction-in-force among personnel in the same competitive level, neither of which was involved in the competition between the plaintiff and [the other applicant]"); *see also Brown v. Department of Veterans Affairs*, 247 F.3d 1222 (Fed.Cir.2001) ("We affirm the proposition established in *Crowley*, namely, that veterans are not accorded any preference under the [Veteran's Preference Act] when seeking promotion or intra-agency transfers."); *Bates v. Runyon*, No. 95–5183, 1996 WL 532210 (10th Cir.1996) (same).

Nothing in § 3304(f), nor the VEOA, suggests that veterans' preferences have been expanded beyond initial appointment. Section 2 of the VEOA, which became 5 U.S.C. § 3304(f), was specifically entitled "*Access* For Veterans." Veterans Employment Opportunity Act, Pub.L. No. 105–339, 112 Stat. 3182 (1998) (emphasis added). Statements made during congressional hearings further suggest that the VEOA was not meant to expand veterans' preference rights beyond initial appointment. For example, one representative remarked that the VEOA "opens Federal employment opportunities for individuals honorably discharged from the military . . . by eliminating artificial barriers which prevent them from competing for Federal jobs *because they are not already civilian employees or employees of a particular agency.*" 143 Cong. Rec. E631–02 (daily ed. Apr. 10, 1997) (statement of Rep. Maloney), 1997 WL 168838 (emphasis added). Another representative commented that:

> [V]eterans entitled to preference and other veterans who have 3 years of honorable service in the military will receive expanded opportunities to compete for Federal jobs.
>
> Very often, Mr. Speaker, Federal agencies will only allow current civilian employees to apply for vacancies. Veterans who do not work for the Federal Government are barred from even competing on their merits for these jobs. That will change when this legislation is enacted. Under this bill whenever an agency opens the competition to civilian employees outside of its own workforce, it must also allow these qualified veterans to compete.

144 Cong. Rec. H10185–02 (daily ed. Oct. 8, 1998) (statement of Rep. Mica), 1998 WL 716410.

In summary, Defendant's motion for summary judgment with respect to Plaintiff's claims under § 3304(f) shall be granted on the additional ground that § 3304(f), and veterans' preferences in general, only apply to initial appointments, not promotions or transfers.

### 3. Qualified Candidate Lists

Plaintiff also asserts that Defendant's qualified candidate list generated through the Easy ACCES system, which does not provide for a veterans' preference, violates the VEOA, specifically, 5 U.S.C. §§ 3304, 3313, 3318, and 3361 (Issues Three & Nine).

■ The Army Civilian Career Evaluation System (ACCES) is an automated system used to refer candidates for high grade civilian positions under merit promotion procedures. As discussed *supra*, veterans' preferences do not apply to promotions within competitive service, therefore, Plaintiff's claims regarding the Easy ACCES system are without merit. As a civilian employee of the Army, Plaintiff was not entitled to a veterans' preference in applying for promotions or transfers. Therefore, the Easy ACCES system's failure to assign such points does not violate the VEOA.

### 4. Failure to Train

■ In addition to not being able to compete for open positions, Plaintiff alleges that he was denied the formal and on the job training required to develop the skills necessary to compete for open positions (Issue Five). According to Plaintiff, Defendant's failure to train violates the requirement set forth in 5 C.F.R. § 307.102 that federal agencies provide maximum employment and job advancement opportunities to veterans of the Vietnam era. Plaintiff alleges that the necessary training was offered each year from 1980 through 1992, and that he did not receive such training until 1992.

Defendant is entitled to summary judgment with respect to such claim because Plaintiff failed to file a timely administrative complaint with respect to this issue. Administrative complaints with the Department of Labor must be filed within sixty days of the alleged violation. 5 U.S.C. § 3330a(a)(2)(A). Plaintiff alleges that Defendant failed to provide him with the necessary training to enable him to apply for promotions. As Plaintiff himself acknowledges, these violations occurred from 1980 through 1992. Plaintiff did not file his administrative complaint until 1999. Assuming § 3330a even applies to violations that occurred before its enactment, Plaintiff clearly missed the sixty day filing period. Therefore, jurisdiction never vested in the Merit Systems Protection Board, or this Court, with respect to this claim. *See* 5 U.S.C. §§ 3330a, 3330b.

■ Furthermore, Plaintiff's complaint centers around certain promotions he sought in 1999. As Plaintiff acknowledges, he received the necessary training in 1992, well before he applied for the promotions at issue in this case. Plaintiff has failed to allege that he was denied earlier promotions or job opportunities because of Defendant's failure. Viewing the evidence in a light most favorable to Plaintiff, as the Court must do on summary judgment, the Court is satisfied that no reasonable jury could conclude that Plaintiff was harmed by any alleged failure on Defendant's part. Accordingly, Defendant's motion for summary judgment shall be granted with respect to this issue also.

### 5. Plaintiff's Qualification–Based Claims

Plaintiff also alleges that he was more qualified than the individuals ultimately selected for the various positions for which

he applied, and that, in violation of 5 U.S.C. § 3311, Defendant did not allow him to detail his qualifications, skills, and abilities within the military to support his selection (Issues Six & Nine).

 This Court has no jurisdiction to review Plaintiff's claim that Defendant passed him over for less-qualified individuals. "[T]here is perhaps no principle more settled in this area of the law than that promotion and non-promotion of employees within a department or agency of Government is a matter of supervisory discretion not ordinarily subject to judicial review." *Crowley v. United States,* 208 Ct.Cl. 415, 527 F.2d 1176, 1184 (1975). "Administrative officials have the discretion to make both good and bad decisions on personnel matters." *Qualls,* 678 F.2d at 196. Accordingly, Defendant is entitled to summary judgment with respect to Plaintiff's claims that he was "more qualified" than the individuals chosen by Defendant.

### 6. Lack of Discovery

The Court notes that Plaintiff has alleged in response to Defendant's motion that summary judgment should not be granted because Defendant has "refused the plaintiff access to any records, which could either confirm or refute the plaintiff['s] allegations." (Pl.'s Resp. at 1). The Court, however, is satisfied that none of the discovery allegedly withheld from Plaintiff would rebut any of the Court's preceding conclusions. Accordingly, summary judgment shall be granted in favor of Defendant.

### Conclusion

For the reasons stated above, Defendant's motion for summary judgment shall be granted, and Plaintiff's complaint shall be dismissed in its entirety.

A Judgment consistent with this Opinion shall issue forthwith.