Peter W. HUNT, Plaintiff–Appellant,

v.

UNITED STATES ARMY, Defendant–Appellee,

United States of America; Office of Personnel Management; and United States Department of Defense, Defendants.

No. 01–1989.

United States Court of Appeals, Sixth Circuit.

March 7, 2002.

Before MARTIN, Chief Judge; BOGGS and DAUGHTREY, Circuit Judges.

*ORDER*

This pro se Michigan litigant appeals a district court judgment dismissing his complaint filed under the Veterans Employment Opportunity Act of 1998 (VEOA). This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Peter W. Hunt is a civilian employee of the U.S. Army. Hunt sued the United States Government (USG), the Office of Personnel Management (OPM), the Department of Defense (DOD), and the Army, claiming that the defendants violated his veterans' preference rights under 5 U.S.C. §§ 3304(f), 3311, 3313, 3318, 3361, and 5 C.F.R. § 307, because he was not selected or considered for merit promotions and was denied training.

The district court dismissed the USG, OPM, and DOD because Hunt had not pursued administrative remedies against these agencies before filing suit as required by 5 U.S.C. §§ 3330a(a)(2)(B), 3330b, and Hunt's complaint failed to state a claim upon which relief could be granted against them. Thereafter, the district court granted summary judgment in favor of the Army. *Hunt v. United States Government*, 154 F.Supp.2d 1047 (E.D.Mich. 2001).

In his timely appeal, Hunt essentially reasserts the claims that he set forth in the district court.

Whether the district court properly dismissed a suit pursuant to Fed.R.Civ.P. 12(b)(6) is a question of law subject to de novo review. *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir.1996). The court must construe the complaint in a light most favorable to the plaintiff, accept all the factual allegations as true, and determine whether the plaintiff undoubtedly can prove no set of facts in support of her claims that would entitle her to relief. *Id.* Similarly, this court reviews de novo a district court's grant of summary judgment. *Pinney Dock and Transp. Co. v. Penn Cent. Corp.*, 838 F.2d 1445, 1472 (6th Cir.1988). Summary judgment is appropriate where there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law. Fed.R.Civ.P. 56(c); *Avery v. King*, 110 F.3d 12, 13–14 (6th Cir.1997). The moving party is entitled to judgment as a matter of law where, after adequate time for discovery, the nonmoving party fails to establish the existence of an element essential to its case and on which that party would bear the burden at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). The moving party bears the initial burden of establishing an absence of evidence to sup-

port the nonmoving party's case. *See id.* Once the moving party has met its burden of production, the nonmoving party cannot rest on its pleadings, but must present significant probative evidence in support of the complaint to defeat the motion for summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248–49, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). The mere existence of a scintilla of evidence to support plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff. *See id.* at 252.

Upon review, we conclude that the district court properly granted summary judgment in favor of the Army.

Accordingly, the district court's judgment is hereby affirmed pursuant to Rule 34(j)(2)(C), Rules of the Sixth Circuit, for the reasons set forth in the district court's opinion of May 31, 2001.