**Edgar H. SMYTH, Petitioner,**

v.

**UNITED STATES POSTAL SERVICE, Respondent.**

**No. 01–3386.**

United States Court of Appeals, Federal Circuit.

July 12, 2002.

Before LOURIE, SCHALL, and PROST, Circuit Judges.

DECISION

PER CURIAM.

Edgar H. Smyth appeals from the decision of the Merit Systems Protection Board denying his request for relief under the Veterans Employment Opportunities Act of 1998, Pub.L. No. 105–339, 112 Stat. 3182 ("VEOA"). *Smyth v. United States Postal Serv.,* 89 M.S.P.R. 219 (M.S.P.B. 2001) (final order) (*"Smyth II "*). Because the Board did not err, we *affirm.*

DISCUSSION

Mr. Smyth was employed by the United States Postal Service ("the agency") for approximately sixteen years from 1979 until 1995. *Smyth v. United States Postal Serv.,* No. PH–0752–00–0054–I–1, slip op. at 2 (M.S.P.B. Feb.28, 2000) (*"Smyth I "*). During that time, Smyth was disciplined on numerous occasions for unsatisfactory performance, including a five-day suspension for irregular attendance, two attendance-related deferments of periodic step pay increases, and two letters of warning related to attendance. *Id.* at 5. In 1999, he applied for a position as a Rural Carrier Associate in the agency's Henderson, Nevada office. *Id.* at 2. Smyth received a score of 73.20 on the entrance examination

for that position, which was sufficient to establish eligibility for selection, and was later granted a five-point increase under the VEOA based on his preference eligible status, resulting in a Final Rating of 78.20. *Id.* at 2, 3. However, the agency subsequently informed Smyth that it had determined that he was disqualified from consideration for employment based on his prior employment history at the agency. *Id.* at 2. Smyth thereafter filed a complaint at the Department of Labor alleging that the agency violated his rights under the VEOA when it selected a non-veteran to fill the position for which he applied. *Id.* The Department of Labor concluded that the agency did not violate Smyth's rights under the VEOA because the agency disqualified Smyth based upon his own actions during his prior employment at the agency, and not his veteran status. *Id.*

Smyth initiated the present appeal to the Board alleging that, *inter alia,* the agency violated his rights under the VEOA. *Id.* at 1. The Administrative Judge ("AJ") assigned to the case initially dismissed Smyth's appeal for lack of jurisdiction, *Smyth v. United States Postal Serv.,* No. SF–3443–99–0599–B–1 (M.S.P.B. Nov.17, 1999), but the full Board determined that it had jurisdiction to consider Smyth's VEOA claim and vacated and remanded for further adjudication, *Smyth v. United States Postal Serv.,* No. SF–3443–99–0599–B–1 (M.S.P.B. Mar.27, 2000). On remand, the AJ denied Smyth's claim, reasoning that because the evidence established that the agency afforded Smyth the five-point veterans' preference he was entitled to under the VEOA and granted him an interview for the Rural Carrier Associate position, he failed to prove that he did not receive his veterans-preference advantage or that he was otherwise denied employment due to his veteran status. *Smyth I* at 5–7. The full Board denied Smyth's petition for review for failure to

meet the requirements set forth in 5 C.F.R. § 1201.115, but *sua sponte* reopened the case and affirmed the AJ's decision on different grounds. *Smyth II* at 1. Specifically, the full Board determined that, as the evidence of record substantiates Smyth's history of discipline for poor attendance, Smyth was properly disqualified from consideration for employment because "the plain language of the VEOA 'only prohibits an agency from denying a preference eligible or veteran the opportunity to compete; it does not provide that veterans will be considered eligible for positions for which they are not qualified.'" *Id.* (citation omitted). Smyth timely appealed to this court. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(9).

The scope of our review in an appeal from a decision of the Board is limited. We must affirm the Board's decision unless it was: "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c) (2000).

On appeal, Smyth argues that the Board failed to consider certain evidence, *viz.:* (1) his letter to the Board dated December 23, 1999, which includes various legislative materials relating to the VEOA; (2) Exhibits 1–4, which include two Board decisions, *Hawkins v. United States Postal Serv.,* 20 M.S.P.R. 146 (1984), and *Cook v. Dep't of the Army,* 18 M.S.P.R. 610 (1984), and records of Smyth's attendance discipline in 1985 and 1986; and (3) his letter to the Board dated August 26, 1999, which refers to a non-precedential decision of this court. Smyth also contends that his disciplinary record should not have disqualified him from consideration for the Rural Carrier position because it was confidential and

was thirteen years old at the time the agency made its decision.

We conclude that the Board did not err in denying Smyth's claim for relief under the VEOA. The VEOA does not guarantee employment to preference eligibles. Rather, that statute provides only that veterans may not be denied the opportunity to compete for positions within the federal government, 5 U.S.C. § 3304(f)(1) (2000), and establishes certain preferences to be afforded veterans during the interviewing process in furtherance of that mandate, including the entitlement to have a certain number of extra points added to a veteran's passing score on an agency entrance examination, 5 U.S.C. § 3309 (2000). In the present case, Smyth has not demonstrated that the agency failed to afford him any rights he was entitled to under the VEOA. Indeed, the evidence indicates that Smyth received the five additional points he was entitled to under § 3309, and that the agency granted him an interview for the Rural Carrier Associate position. It was only after Smyth's disciplinary records associated with his prior employment at the agency were discovered that Smyth was disqualified from consideration. We therefore conclude that the Board did not err in determining that the agency did not violate Smyth's rights under the VEOA.

Smyth's arguments on appeal do not alter our conclusion. The Board fully considered the VEOA and Smyth's arguments relating to that statute. In addition, the two Board decisions cited by Smyth, aside from the fact that they are not binding on this court, involved removal actions based on excused absences and thus are not factually relevant to the present appeal. Furthermore, the non-precedential decision of this court cited by Smyth has no precedential value and, in any event, is not germane to Smyth's appeal. Finally, Smyth has not pointed to any law that prohibits agencies from reviewing the employment records of potential employees, regardless of the age of those records.

Because the Board's decision was supported by substantial evidence and was not arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law, we affirm.