**Calvia Lynn HILL, Plaintiff–Appellant,**

v.

**John E. POTTER, Postmaster General, Defendant–Appellee.**

No. 01–5745.

United States Court of Appeals, Sixth Circuit.

Oct. 7, 2002.

Before MARTIN, Chief Judge; MOORE, Circuit Judge; and WISEMAN, District Judge.*

## ORDER

This pro se litigant appeals a district court judgment dismissing his employment discrimination complaint filed pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. (Title VII). This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Calvia L. Hill sued the United States Postmaster General alleging employment discrimination under Title VII. Hill applied

* The Honorable Thomas A. Wiseman, Jr., United States District Judge for the Middle District of Tennessee, sitting by designation.

for employment with the U.S. Postal Service. The employment application requested, and Hill provided, information regarding prior work history and previous dismissals. In light of the circumstances of Hill's work history and previous dismissals, the Postal Service determined that Hill was disqualified from employment eligibility. In his complaint, Hill did not allege that he was discriminated against on the basis of race, color, sex, religion, or national origin. Rather, Hill's complaint referred to veterans' preference and disparate treatment. Hill sought monetary damages.

The district court sua sponte dismissed Hill's complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(i). Thereafter, the district court certified that an appeal would not be taken in good faith and denied Hill leave to proceed in forma pauperis.

In his timely appeal, Hill essentially reasserts the claims set forth in the district court. In addition, Hill makes several arguments having nothing to do with his Title VII claims. Those arguments all pertain to Hill's contention that he should not be denied employment on the basis of negative job referral information.

Initially, we note that Hill did not clearly assert claims in the district court pertaining to his contention that he should not be denied employment on the basis of negative job referral information. Unless exceptional circumstances are present, the court normally will not address an issue not first raised in the district court. *See Foster v. Barilow,* 6 F.3d 405, 407 (6th Cir.1993). No exceptional circumstances exist in this case.

This court reviews de novo a district court's dismissal of a suit as frivolous or for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B). *Brown v. Bargery,* 207 F.3d 863, 866–67 (6th Cir.2000). A complaint is frivolous if it lacks an arguable or

rational basis in law or fact. *Id.* at 866. It fails to state a claim for relief if, after the court construes the complaint in the light most favorable to the plaintiff and accepting his factual allegations as true, the plaintiff can prove no set of facts in support of his claim that would entitle him to relief. *Id.* at 867.

Upon review, we conclude that the district court properly dismissed Hill's complaint under § 1915(e)(2) because Hill claims an infringement of a legal interest which clearly does not exist. Title VII prohibits discrimination on the basis of race, color, religion, sex, or national origin. 42 U.S.C. § 2000e2. Hill alleged no facts whatever from which it can be inferred that the decision of the Postal Service declaring him ineligible for employment was based on his race, color, religion, sex, or national origin.

Even if we construed Hill's complaint as claiming a violation of the Veterans' Employment Opportunity Act of 1998, 5 U.S.C. § 3330a (VEOA), the district court properly dismissed the complaint pursuant to § 1915(e)(2) because Hill offered no evidence that he pursued administrative remedies against the Postal Service before filing suit as required by 5 U.S.C. §§ 3330a(a)(2)(B), 3330b. Moreover, Hill alleged no facts from which it can be inferred that the Postal Service violated the VEOA (or its predecessor—the Veterans' Preference Act). Thus, Hill failed to state a claim for relief.

Accordingly, we hereby affirm the district court's judgment pursuant to Rule 34(j)(2)(C), Rules of the Sixth Circuit.