NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**TRACEY LYNN MCMILLON,**
*Petitioner*

**v.**

**DEPARTMENT OF JUSTICE,**
*Respondent*

---

2016-1012

---

Petition for review of the Merit Systems Protection Board in No. DC-3330-15-0490-I-1.

---

Decided: February 10, 2016

---

TRACEY LYNN MCMILLON, Norfolk, VA, pro se.

PETER ANTHONY GWYNNE, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent. Also represented by BENJAMIN C. MIZER, ROBERT E. KIRSCHMAN, JR., DOUGLAS K. MICKLE.

---

Before CHEN, CLEVENGER, and BRYSON, *Circuit Judges.*

PER CURIAM.

Tracey L. McMillon seeks review of the final decision of the Merit Systems Protection Board ("Board") denying her request for corrective action in connection with her application for the position of Statistician, GS Series 1530, at the Drug Enforcement Administration ("DEA"). *McMillon v. Dep't of Justice*, No. DC3330-15-0490-I-1 (M.S.P.B. July 31, 2015). For the reasons set forth below, we *affirm* the Board's final decision.

I

In May of 2014, Ms. McMillon applied for a vacant Statistician position, announced at grade levels GS-11, GS-12 and GS-13, in the Intelligence Division at DEA headquarters in Arlington, VA. The Human Resources Department ("HR") at DEA prepared three lists, known as Best Qualified Lists, of eligible candidates for the position at each of the three GS levels. HR initially determined that Ms. McMillon was not qualified for the position, and consequently her name did not appear on any of the Best Qualified Lists. On June 6, 2014, another applicant, a veteran, was selected for the position from the GS-13 Best Qualified List, but declined the position. Ms. McMillon asked for reconsideration of the determination that she was not qualified, and thereafter HR determined that Ms. McMillon was qualified as a GS-12 candidate, and accordingly amended the GS-12 Best Qualified List to include her name. The amended list was sent to the Intelligence Division selecting official, who had electronic access to the candidates' applications. The selecting official and other members of the Intelligence Division management interviewed Ms. McMillon in person on July 15, 2014. On September 14, 2014, Ms. McMillon was informed that another person had been selected for the position from the GS-12 Best Qualified List.

Ms. McMillon then filed a claim with the Department of Labor ("DOL") alleging that her rights under the Vet-

erans Employment Opportunities Act of 1998 ("VEOA") had been violated by the DEA. After investigating her claim, DOL determined that her VEOA rights had not been violated by DEA's hiring process. In March of 2015, Ms. McMillon filed an appeal with the Board, challenging DOL's determination.

The Board affirmed DOL's decision. It noted that the record was not entirely clear as to the theory on which Ms. McMillon asserted her VEOA rights. The Board's deciding opinion noted that the VEOA affords advantages in both the competitive examination process and the merits promotion process. In the former process, additional points are added to the final rating scores of preference eligible applicants, with preference eligible applicants being ranked ahead of others applicants with the same score. By contrast, in merits promotions, the special advantage is simply the opportunity to compete for vacancies that are otherwise open only to current agency employees. The Board concluded that whichever process was used by DEA in this case (that being the unclear point), Ms. McMillon could not prevail. Because she had not, despite specific requests therefor, provided documentation showing her entitlement to additional points for a competitive examination process, she could not show error under VEOA in a competitive examination process. And because the record showed that she was included on the Best Qualified List for the position, and was in fact interviewed for the position, she could not show that she had been denied the opportunity to compete in a merits promotion process. The fact that DEA offered the job to another person before Ms. McMillon had been deemed qualified was held irrelevant to Ms. McMillon's case, because the person selected declined the job and hence left the opportunity open to Ms. McMillon. Accordingly, the Board affirmed DOL's decision.

## II

Ms. McMillon timely sought review of the Board's final decision in this court. We have jurisdiction under 28 U.S.C. § 1295(a)(9). The scope of our appellate review of the Board's final decision is defined by statute. In 5 U.S.C. § 7703(c), Congress provided that we can only upset the final decision of the Board if we determine that it is arbitrary, capricious an abuse of discretion or otherwise not in accordance with law. Where the Board's final decision rests on findings of fact, those findings must be supported by substantial evidence.

## III

Ms. McMillon pitches her petition for review in this court on her assertion that DEA denied her the right to compete for the job, because in the process, the agency used an erroneous certification list, and extended an offer of employment before she was deemed qualified. In her supplemental brief, Ms. McMillon asserts that her interview was a sham to cover up agency mistakes, and that she was never given any documentation concerning the GS-11 Best Qualified List.

DEA's error in proceeding initially without Ms. McMillon on a Best Qualified List was, as determined by the Board, harmless, because the person initially selected declined the job, leaving it open for Ms. McMillon to compete. And compete she did, by having her application considered and receiving an interview for the job. On the record before us, we conclude that substantial evidence supports the Board's determination that Ms. McMillon's VEOA right to compete was not violated.

As for her contention that the interview was a sham, Ms. McMillon has no facts of record to support her claim, nor has she asserted that she requested DEA to consider her at the lower level, or made a case that she was harmed by not receiving the GS-11 documentation.

Under our standard of review, we see no error in the Board's final decision, which is

**AFFIRMED.**

Costs

No costs.