# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-20332
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

January 26, 2017

Lyle W. Cayce
Clerk

HAROLD GAUSE,

> Plaintiff - Appellant

v.

UNITED STATES DEPARTMENT OF DEFENSE; ASHTON CARTER, Secretary; CAPTAIN OLSEA COLLINS; JOSEPH KINLIN; NATIONAL ARCHIVES AND RECORDS ADMINISTRATION; SCOTT LEVINS, Director; JAMES SPRINGS, Inspector General; TWO UNKNOWN EMPLOYEES; JENNY R. YANG, Equal Employment Opportunity Commission; EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,

> Defendants - Appellees

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:15-CV-3629

Before KING, DENNIS, and COSTA, Circuit Judges.

PER CURIAM:*

Harold Gause, a former Marine, applied to work as a civilian employee in the Army Recruiting Battalion and received a tentative job offer.  When the

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

offer was withdrawn, he filed a complaint with the EEOC alleging he was discriminated against and retaliated against for challenging what he believed were impermissible questions during his interview and background investigation.  During the proceedings, counsel for the Defense Department produced documents from Gause's military records that included notes of psychotherapy he had received.  In response, Gause filed a motion with the administrative law judge seeking a protective order covering the material and for sanctions.

Dissatisfied with the time it was taking to obtain a ruling on his motion, Gause commenced this action by suing the EEOC, the National Archives and Records Administration, the Defense Department, and relevant officials at each agency in federal district court.  Gause's suit had two parts: he alleged that disclosure of his military records violated the Privacy Act, and he invoked the All Writs Act to request a writ of mandamus directing the EEOC to rule on his motion and expedite adjudication of his complaint.

The government defendants filed a motion to dismiss for failure to state a claim and lack of jurisdiction, which the court granted.  Gause timely appealed.  We review both types of dismissal de novo.  *Del-Ray Battery Co. v. Douglas Battery Co.*, 635 F.3d 725, 728 (5th Cir. 2011).

The district court correctly dismissed Gause's claim for a writ of mandamus against the EEOC.  Gause relied on the All Writs Act to establish jurisdiction over this claim.  The All Writs Act, however, cannot serve as an independent basis of jurisdiction.  *Texas v. Real Parties in Interest*, 259 F.3d 387, 392 (5th Cir. 2001).  The All Writs Act authorizes "a federal court to issue such commands . . . as may be necessary or appropriate to effectuate and prevent the frustration of orders it has previously issued in its exercise of jurisdiction otherwise obtained."  *United States v. N.Y. Tel. Co.*, 434 U.S. 159, 172 (1977).  Gause has not shown that the district court otherwise has

jurisdiction over his suit against the EEOC, and there is no prior federal court order being undermined. Apart from pointing to the All Writs Act, he did not identify a basis for jurisdiction of his suit against the EEOC, such as a federal cause of action. *See* 28 U.S.C. §§ 1330–69 (conferring jurisdiction on the district courts, including "jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States").

The district court was also correct that Gause failed to state a claim against the National Archives and Records Administration and the Department of Defense. Gause claimed that these agencies violated the Privacy Act by disclosing his service records. The Supreme Court has ruled, however, that the Privacy Act only allows a person to bring suit against a government agency if that person has suffered actual damages. *Doe v. Chao*, 540 U.S. 614, 627 (2004). The Supreme Court later affirmed that "actual damages" means "proven pecuniary or economic harm." *FAA v. Cooper*, 132 S. Ct. 1441, 1453 (2012).[1]

When a defendant makes a motion for failure to state a claim, the defendant is saying that even if all the facts that the plaintiff alleges in his complaint are true, the plaintiff still does not have a valid claim. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The test for deciding these motions is what is written in the pleadings. Gause wrote in his complaint that he "suffered adverse and harmful effects, including, but not limited to, mental distress, emotional trauma, embarrassment, humiliation, and lost or jeopardized present or future financial opportunities." The mental and emotional distress Gause alleges he suffered do not meet the Supreme Court's

---

[1] In its motion to dismiss, the government argued this ground as a basis for dismissal as well as contending that an intragency disclosure of records to attorneys defending a lawsuit is an authorized disclosure under 5 U.S.C. § 552a(b)(1). The district court did not identify which ground was the basis for its ruling. We only consider the alleged defect in the request for damages.

definition of actual damages under the Privacy Act. *See Cooper*, 132 S. Ct. at 1455.

Though Gause does mention "lost or jeopardized present or future financial opportunities," he does not state what those opportunities are or how the disclosure of his records has caused their loss. "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." *Twombly*, 550 U.S. 544, 545 (2007). A plaintiff cannot survive a motion to dismiss based on "labels and conclusions" or "naked assertions" that are devoid of "further factual enhancement." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

In his brief on appeal, Gause now asserts that he has suffered pecuniary harm in the form of expenses like parking and postage incurred in litigating his Privacy Act claim. A plaintiff, however, cannot mend a hole in his complaint by making new allegations on appeal. On a motion to dismiss for failure to state a claim, it is what the plaintiff pleaded in the complaint that counts, not what he says on appeal. *See McCartney v. First City Bank*, 970 F.2d 45, 47 (1992) ("We may not look beyond the pleadings."). Even if Gause had not waived this contention by failing to include it in his complaint, the terms of the statute distinguish between a plaintiff's costs in bringing the action and the damages he is seeking to recover. The Privacy Act allows recovery of "actual damages" in one subsection, 5 U.S.C. § 552a(g)(4)(A), and "the costs of the action" in the next subsection, *id.* § 552a(g)(4)(B). Moreover, treating the costs of litigation as actual damages would empty the Supreme Court's holding in *Chao* of impact because any plaintiff could allege the same pecuniary harm that Gause relies upon. Surely the plaintiff in *Chao* also spent money litigating his Privacy Act claim, but the Supreme Court still ruled against him for failure to show actual damages.

4

No. 16-20332

Lastly, Gause asserts for the first time on appeal that the disclosure of his records violates the Rehabilitation Act.  Even though he did not mention the Act in his complaint, he argues that he alleged facts "that can be construed to be a claim under the Rehabilitation Act."  It is true that "[s]o long as a pleading alleges facts upon which relief can be granted, it states a claim even if it 'fails to categorize correctly the legal theory giving rise to the claim.'" *Homoki v. Conversion Servs., Inc.*, 717 F.3d 388, 402 (5th Cir. 2013) (quoting *Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594, 604 (5th Cir. 1981)).

Gause nonetheless does not show in his brief how the facts that he pleaded state a claim under the Rehabilitation Act.  The Rehabilitation Act provides that "[n]o otherwise qualified individual with a disability . . . shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination . . . under any program or activity conducted by any Executive agency . . . ."  29 U.S.C. § 794. Looking at the portions of Gause's complaint that he asserts can be construed as a claim under the Rehabilitation Act, the nub of what he alleges is that the defendants wrongly disclosed his records.  There is nothing in the complaint alleging that he is a disabled person or that he was discriminated against for that reason.

Gause cites *Cora L. Hampton, Complainant v. Henderson*, EEOC DOC 01A00132, 2000 WL 486691 (Apr. 13, 2000), to support his argument that the Rehabilitation Act allows him to sue the defendants under the facts he pleaded. Not only is this an administrative decision, rather than a controlling federal court opinion, but it does not support Gause's contention.  He relies on the following passage from *Hampton*: "If the agency disclosed medical information pertaining to complainant in a manner that did not conform with this regulation, then its act of dissemination would constitute a per se violation of

5

the Rehabilitation Act, and no showing of harm beyond the violation would be necessary." 2000 WL 486691 at *3.

Taken in context, this passage does not support Gause's contention that the Rehabilitation Act allows him to bring a claim for disclosure of his military records as opposed to disability discrimination. The regulation at issue, 29 C.F.R. § 1630.14, is concerned with medical examinations and inquiries made to a disabled person in the hiring process or as part of an employee wellness program. It implements the prohibition of the Americans with Disabilities Act (incorporated into the Rehabilitation Act) concerning discrimination by employers via medical examinations and inquiries. *See* 42 U.S.C. § 12112(d) (restricting the use of medical examinations and inquiries by employers under the ADA); 29 U.S.C. § 794(d) (incorporating the former provision into the Rehabilitation Act). We emphasize that Gause has not alleged that he has a disability, that the defendants discriminated against him by disclosing his old military records, or that the medical information in those records was collected as part of the hiring process or an employee wellness program.

\* \* \*

The judgment is AFFIRMED.