**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

No. 19-50135

United States Court of Appeals
Fifth Circuit

**FILED**
February 4, 2020

Lyle W. Cayce
Clerk

HAROLD K. GAUSE,

      Plaintiff - Appellant

v.

PATRICK M. SHANAHAN, ACTING SECRETARY, U.S. DEPARTMENT OF DEFENSE; CAPTAIN OLSEA COLLINS, United States Department of Defense; JOSEPH KINLIN, United States Department of Defense; HENRY BREZILLAC, United States Department of Defense; LYNN SMITH, Investigative and Resolutions Directorate; RICHARD MOYED, United States Department of Labor; ALEXANDER ACOSTA, Secretary, United States Department of Labor; SCOTT LEVINS, Director, National Archives & Records Administration; JAMES SPRINGS, Inspector General, National Archives & Records; UNKNOWN EMPLOYEE #1, National Archives & Records; UNKNOWN EMPLOYEE #2, National Archives & Records; JANET DHILLON, Chair, Equal Employment Opportunity Commission; JUDGE DAVIDSON MOMAH, Equal Employment Opportunity Commission; JUDGE LINDA GUTIERREZ, Equal Employment Opportunity Commission,

      Defendants - Appellees

Appeal from the United States
for the Western District of Texas
USDC No. 5:18-CV-417

No. 19-50135

Before KING, COSTA, and HO, Circuit Judges.

PER CURIAM:*

Harold Gause, a former Marine and current Department of Labor employee, applied for a human resources position with an Army recruiting battalion. He received a tentative offer that was later withdrawn after his background check revealed he had made false statements on his application. Gause filed an EEOC complaint alleging that the withdrawal was based on his race, disability, and prior EEOC activity.

Frustrated by the subsequent administrative proceedings, Gause—representing himself—sued various federal agencies and officials in the Southern District of Texas. He argued that the disclosure of his service records during the EEOC proceeding violated the Privacy Act and other federal laws. He also sought a writ of mandamus to compel the EEOC to expedite resolution of his complaint. The district court dismissed that lawsuit. In affirming, we held that the district court lacked jurisdiction to issue a writ of mandamus and the other claims failed under Rule 12(b)(6). *See Gause v. U.S. Dep't of Def.*, 676 F. App'x 316 (5th Cir. 2017) (per curiam).

The EEOC proceedings resumed, and the agency eventually concluded that the government lawfully revoked Gause's job offer because he had misrepresented his criminal history and military discharge.

Gause's employment disputes did not end there. He filed three more EEOC complaints against the Labor Department, alleging the agency retaliated and discriminated against him by passing him over for certain jobs and giving him a lukewarm performance review. The EEOC dismissed two of

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 19-50135

the complaints as a sanction for failing to comply with an administrative order; the third is still pending.

Gause sued again, this time in the Western District of Texas. He alleged violations of the Privacy Act, Title VII, the Rehabilitation Act, 42 U.S.C. § 1985, and the Veterans Employment Opportunity Act (VEOA). Gause challenged not only the Labor Department's actions, but also the Army's revocation of his tentative offer. The government moved to dismiss on several grounds. The district court granted the motion and dismissed Gause's amended complaint with prejudice. This appeal followed.

We need not belabor Gause's Privacy Act claims. Gause asserts the same Privacy Act claims against the same parties that were raised and finally decided in his first lawsuit. Blackletter law prevents him from relitigating them. *See, e.g.*, *Snow Ingredients, Inc. v. SnoWizard, Inc.*, 833 F.3d 512, 521–22 (5th Cir. 2016).

Gause's section 1985 conspiracy allegations against the EEOC fare no better. Although he argues that jurisdiction exists under the Administrative Procedure Act, we have long held that "the United States and its officials are entitled to sovereign immunity . . . under the civil rights statutes." *Newsome v. E.E.O.C.*, 301 F.3d 227, 223 (5th Cir. 2002). The district court thus correctly dismissed these claims for lack of subject matter jurisdiction. *See United States v. $4,480,466.16 in Funds Seized from Bank of Am. Account Ending in 2653*, 942 F.3d 655, 665 (5th Cir. 2019) ("Whether the United States' sovereign immunity has been waived is a question of subject matter jurisdiction . . . .").

Gause's Title VII and Rehabilitation Act claims also do not survive the pleading stage. Gause asserts two sets of claims under these statutes, some against the Army and others against the Labor Department. The district court held, and we agree, that Gause failed to state a claim against the Labor Department. Gause seems to acknowledge as much, alleging that "[h]e did not

No. 19-50135

know any of the selectees or the hiring officials or ha[ve] any reasons to suspect discrimination."

The district court held that the Army claims were untimely because they were filed more than 90 days after Gause's receipt of the right-to-sue letter. Gause disputes when he received that letter. We need not resolve the timeliness issue, however, because we agree with an alternate ground the government urged as a basis for dismissal: Gause failed to state a claim. *Firefighters' Ret. Sys. v. Grant Thornton, L.L.P.*, 894 F.3d 665, 672 (5th Cir. 2018) ("This court reviews a Rule 12(b)(6) dismissal de novo and may affirm on any basis supported by the record." (quotation omitted)).

Gause does not allege any facts that could plausibly support the conclusion that the Army rescinded the job offer because of discrimination instead of its learning that Gause lied about his criminal history and military discharge. The amended complaint focuses on the perceived unfairness of the administrative process that followed the rescinding of the job offer; it does not allege facts showing that race or disability discrimination caused the job offer to be pulled. The complaint does cite questions the Army asked about Gause's marital status and family during his job interviews. Such questions do not reveal any animus. More than that, they ignore that Gause was offered the job subject to the background investigation. Gause alleges no facts that discriminatory intent developed after the job offer to cause it to be rescinded (or that the plan all along was to deny him the job, but only after going through the time and effort of obtaining a background investigation the Army knew would reveal lies—a theory that on its face is not plausible). Because Gause failed to state plausible claims of discrimination against the Army, we affirm the dismissals of those claims. *Chhim v. Univ. of Tex. at Austin*, 836 F.3d 467, 470–71 (5th Cir. 2016) (per curiam).

No. 19-50135

Finally, Gause's amended complaint alleges a number of "new" claims that, unlike the ones just discussed, he did not first present to an executive agency—claims based on the VEOA, "continuing violations" of Title VII by the Labor Department, and "additional . . . allegations" of Defense Department misconduct. As Gause no doubt knows from his extensive litigation, Title VII and VEOA claims must be administratively exhausted before they are brought in court. *Melgar v. T.B. Butler Publ'g Co.*, 931 F.3d 375, 378 (5th Cir. 2019) (per curiam) (Title VII); 5 U.S.C. §§ 3330a(a)–(d), 3330b (VEOA); *see also Conyers v. Rossides*, 558 F.3d 137, 148–49 (2d Cir. 2009) (noting that a VEOA claimant must appeal to the Merit Systems Protection Board before filing suit). Because Gause does not argue that he exhausted these claims, the district court correctly dismissed them.

Gause tries to get around the exhaustion problem by arguing that the VEOA claim relating to the Army's tentative offer is part of a "mixed case" as it is joined with discrimination claims. A "mixed case" is a complaint of "a personnel action serious enough to appeal to the [Merit Systems Protection Board] *and* [an] alleg[ation] that the action was based on discrimination." *Kloeckner v. Solis*, 568 U.S. 41, 44 (2012). Whether a federal employee's lawsuit is a "mixed case" may have consequences for where administrative review may be sought and where a later lawsuit may be filed. *Id.* But it does not eliminate the requirement that the employee go through some administrative review before filing a lawsuit; either the employing agency or the Merit Systems Protection Board must first review the claim. *Id.* at 45 (citing 5 C.F.R. § 1201.154(a); 29 C.F.R. § 1614.302(b)). Even assuming Gause correctly classifies this as a "mixed case," he never exhausted the Army VEOA

No. 19-50135

claim in any administrative forum, so it was properly dismissed.[1]  *Cf. Hill v. Potter*, 48 F. App'x 198, 199 (6th Cir. 2002) (affirming the dismissal of the plaintiff's VEOA claim because he failed to "pursue[] administrative remedies against the [agency] before filing suit . . ."); *Hunt v. U.S. Army*, 30 F. App'x 567, 568 (6th Cir. 2002) (per curiam) (same).

\*\*\*

We AFFIRM the with-prejudice dismissal of Gause's amended complaint.

---

[1] In any event, Gause failed to state a plausible claim under the VEOA, which provides that "[p]reference eligibles or veterans . . . may not be denied the opportunity to compete for [certain] vacant positions . . . ."  5 U.S.C. § 3304(f)(1); *see also Dean v. Consumer Prod. Safety Comm'n*, 548 F.3d 1370, 1373 (Fed. Cir. 2008) ("The VEOA guarantees the veteran only a right to apply and an opportunity to compete under the merit promotion process." (quotation omitted)).  By alleging that he not only applied and interviewed for the human resources position, but also that he received a tentative job offer, Gause establishes that the Army complied with the VEOA. *McMillon v. U.S. Dep't of Justice*, 637 F. App'x 600, 602 (Fed. Cir. 2016) (per curiam) (holding that an agency did not violate an applicant's VEOA rights when it considered her application and interviewed her); *Smyth v. U.S. Postal Serv.*, 41 F. App'x 475, 477 (Fed. Cir. 2002) (per curiam) (holding that an agency did not violate an applicant's VEOA rights when it granted him an interview but later disqualified him based on disciplinary issues).